Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7564 | **DATE** | 11/29/2010 |
| **CASE TITLE** | TYREE L. PATTERSON v. RICHARD G. JOHNSON | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions to reinstate this dismissed case and for leave to file an amended complaint adding Allstate Insurance Company as a defendant [10] are denied. His motion for leave to proceed *in forma pauperis* [13] is moot. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Tyree Patterson's original complaint alleged that his "very good friend" Richard Johnson failed to pay Patterson two months' rent and fees (totaling $2,263.63) for "crashing" at Patterson's apartment in Richmond, Virginia, for Johnson's theft of Patterson's personal property from the Virginia apartment, and for consequential damages (totaling $9,010.53). Patterson's *pro se* complaint invoked diversity jurisdiction, asserting that Patterson was a "resident" of Illinois, and Johnson "resided" in Virginia. The citizenship of the parties was not identified. On its own motion, the court dismissed the case without prejudice for failure to state claims totaling $75,000, as well as a number of technical deficiencies. Dkt. No. 5 (December 10, 2009).

Patterson moves for reinstatement of the case. He proffers an amended complaint that alleges the amount in controversy exceeds $75,000. The amended complaint names an additional defendant, Virginia "resident" Allstate Insurance Company. Patterson claims Allstate breached its renter's agreement with him by not compensating him for Johnson's alleged thefts. He only claims $7,000 in damages against Allstate, far short of the $75,000 requirement. The amended complaint also adds a claim against Johnson for mail theft under 18 U.S.C. 1708, a federal criminal statute that does not provide a private right of action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack judicially cognizable interest in prosecution of another); *Chapa v. Adams*, 168 F.3d 1036, 1037-38 (7th Cir. 1999) (noting Supreme Court's reluctance to imply private rights of actions from criminal laws). This claim is facially frivolous.

The amended complaint fails to allege citizenship. But using the liberal standard applied to *pro se* pleadings, it is possible Patterson's claims against Johnson exceed $75,000. However, there is another serious flaw in his pursuit of this lawsuit in this forum. He has not established venue. A diversity case may only be brought in the Northern District of Illinois if Johnson resides here, or a substantial part of the events giving rise to his claims occurred here, or Johnson is personally subject to the jurisdiction of Illinois courts. 28 U.S.C.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

1391(a). The amended complaint fails to meet any of these standards. The events and conduct central to this case occurred in Virginia, where Johnson resides. Virginia law applies to Johnson's facially sufficient claims. This court may only exercise personal jurisdiction over Johnson to the extent Illinois law and the federal constitution permit. Fed, R Civ. P. 4(k)(1)(A); *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Construed liberally, the proposed amended complaint fails to reflect that Johnson's oral agreement to pay rent and expenses for Patterson's Virginia apartment, breach of that agreement, and Johnson's tortious conduct in Virginia provide sufficient minimum contacts with Illinois to satisfy constitutional due process limits. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443-44 (7th Cir. 2010). Nor do Patterson's allegations concerning breach of contract and theft demonstrate that Johnson purposely availed himself of an opportunity to conduct activities in Illinois. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008).

For the foregoing reasons, the proposed amendment of the complaint would be futile and the motion to reinstate must be denied.

*Suzanne B. Conlon* (signature)